EVA BERNSTEIN

v.

MARCUS BERNSTEIN.

EVIDENCE—DECLARATIONS OF AGENT.—It is the general rule that where the acts of the agent will bind his principal, there his representations and declarations respecting the subject-matter will also bind him, if made at the same time and constituting a part of the *res gestæ*. But a declaration in a letter by an agent, who was also guarantor upon notes of the principal, respecting the payment of the notes, even if the language can be construed into a threat to fraudulently conceal property so as to hinder creditors, can not be regarded as within the scope of the agent's authority, and do not bind the principal.

APPEAL from the Superior Court of Cook county; the Hon. SIDNEY SMITH, Judge, presiding. Opinion filed July 25, 1882.

Mr. A. D. CARTER, for appellant; contending that the authority of an agent to do an illegal act so as to bind his principal must be special and direct, cited Estenz v. Purdy, 66 N. Y. 446; Mali v. Lord, 39 N. Y. 381; Gokey v. Knapp,

Bernstein v. Bernstein.

44 Iowa, 32; Owings v. Hull, 9 Pet. 607; Condit v. Baldwin, 21 N. Y. 219; Boulsten v. Bain, 90 Ill. 283; Phillips v. Roberts, 90 Ill. 498; Story on Agency, § 197.

Messrs. TENNEY, FLOWER & CRATTY, for appellee; that the language of the letter was sufficient to sustain an attachment, cited Livermore v. Rhodes, 27 How. Pr. 506.

The declarations of the agent will bind the principal: Story's Agency, 134; 1 Greenleaf's Ev. 113.

This was assumpsit, brought in the court below, by appellee Marcus Bernstein against appellant, Eva Bernstein, upon two promissory notes made by her May 5, 1879. One for $190, payable in three months; the other for $190.95 payable in four months from date. An attachment in aid was sued out on the ground, as is stated in the affidavit, that defendant " is about fraudulently to conceal, assign, or otherwise dispose of her property or effects so as to hinder or delay her creditors." This being traversed by plea of defendant, the plaintiff, to prove such charge, offered in evidence a letter written February 1, 1880, to plaintiff, by George Bernstein, the defendant's husband. The defendant's counsel objected to the letter as evidence against defendant; but the court overruled the objection, admitted it in evidence and defendant excepted. It is as follows:

"CHICAGO, Feb'y 1st, 1880.

" Mr. M. BERNSTEIN, Detroit, Mich.:

"*Dear Sir.*—I have had notice from attorneys, that you want to collect two notes of me, one which I have paid to Simpson; now I wish to tell you, when you sue me you won't get nothing; but if you will leave it with Metzler & Rothchilds, I will arrange with them the best way I can. So, now you can instruct the lawyers here by telegraph, for they want to sue me Monday, and if I am sued you will get nothing; but if you will leave it to M. and R. I will make arrangements to pay one note; so do as you think best.

"Yours respectfully,

" GEO. BERNSTEIN."

It appeared from the evidence, that the writer of the letter

became a party, as guarantor of the notes sued on, at the time of the making thereof; that just before the time of the letter, persons acting as attorneys for the plaintiff below, had been urging the writer of the letter to pay the notes, and threatening him with a suit for their collection, if he did not pay them; that the letter was written solely with reference to such claim upon him. It also appeared that the writer was the husband and the general agent of the defendant in respect to the business which she was engaged in; but there was no evidence that he was doing any act or performing any duty on behalf of his principal or within the scope of his employment, as agent, at the time of writing the letter; or that defendant gave him any express authority to write it, or was, in any respect, cognizant of the writing, or its contents. Verdict and judgment having gone against the defendant, she brings the case here by appeal.

McAllister, J. We are of opinion that the letter to plaintiff below, written by George Bernstein, and admitted in evidence by the court against defendant's objections, was not admissible as evidence against the defendant, tending to prove the contemplated fraud on her part, charged in the affidavit for the attachment against her goods, but by her denied. There was no evidence of any express authority from her to the writer, or of knowledge concerning it. Its admissibility is predicated upon the fact that George Bernstein was her general agent respecting the cigar business which she was carrying on at the time. Such agency was shown. But it was not shown that the agent was doing any act, or in the performance of any duty, for his principal, within the scope of his authority as such agent, at the time of writing the letter. Not only that, but it affirmatively appears from the plaintiff's own showing, that George Bernstein wrote the letter, not as the instrument of the defendant, but on his own behalf, with reference to his own business.

But even suppose that the letter admits of such construction as would amount to a declaration tending to show that the defendant would make the fraudulent disposition of her property, as charged by the affidavit, if suit should be brought

upon the notes, such declaration can not be regarded as made by her, and as such admissible against her.   Such a declaration, to be admissible, must have been made by an agent, acting within the scope of his authority, and it must have been a part of the *res gestæ:* Ewell's Evans on Agency, 125, and cases in note 1.   In Limblom v. Ramsey, 75 Ills. 250, it is said: " It is the general rule, that where the acts of the agent will bind the principal, there, his representations, declarations and admissions respecting the subject-matter, will also bind him, if made at the same time and constituting a part of the *res gestæ.*"   In Hannay v. Stewart, 6 Watts, 489, the court said: " The statements of an agent generally, though made of the business of the principal, are not to be taken as equivalent to the admissions of the principal; for then the latter would be bound by them whether true or false, which would render the situation of every principal truly perilous." Langhorn v. Allnutt, 4 Taunt. 511.

To fraudulently convey away defendant's property with intent to hinder and delay her creditors, as it was charged in the affidavit that she was about to do, would constitute a misdemeanor, under our Criminal Code.   R. S. 1874, p. 370, § 122.

It is not pretended that the agent here had any express authority from defendant to make any such fraudulent disposition of her property, or to make any declaration threatening to do so; and it can not be maintained that any such authority can be implied from the agency.   2 Starkie on Ev. 44.

Suppose it be conceded that George Bernstein was authorized from his agency to defend any suit brought upon the notes in question against defendant, and in writing to the plaintiff of his own motion, he had falsely charged plaintiff with having stolen from defendant certain specified goods belonging to her, and falsely declared that defendant was about to prosecute him for such larceny; in an action for libel by plaintiff against defendant, would that letter be admissible in evidence against her to prove the libel ?   We apprehend not; because it was beyond the scope of his agency to make any such statement and declaration.   So it was beyond the scope

of his agency to make any declaration that she was about to commit a misdemeanor, if such be the meaning of the letter in question. But in writing this letter he was not acting as the instrument of the defendant, but for himself; and it is a perversion of the truth of the matter to impute the act to her.

The judgment of the court below will be reversed and the cause remanded.

Reversed and remanded.